520 P.2d 540

**Raymond O. DIDLO, dba Ray Didlo Realty, Appellant,**

v.

**J. Fred TALLEY, as State Real Estate Commissioner, Appellee.**

**No. I CA–CIV 1948.**

Court of Appeals of Arizona, Division 1, Department A.

April 2, 1974.

Rehearing Denied May 30, 1974.

Review Denied June 25, 1974.

Cavness & DeRose and John W. Wood, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., by James .W. Woodcock, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

DONOFRIO, Presiding Judge.

This case came to the Superior Court on an appeal from an order of the Real Estate Commissioner of Arizona suspending the appellant's real estate broker's license for 30 days. The appeal to the Superior Court

by the appellant, as authorized by A.R.S. § 12–905, and specifically § 32–2159, was dismissed on the grounds that it failed to state grounds upon which relief could be granted. Appellant has appealed to this Court from that dismissal.

Appellant in his verified complaint in the Superior Court demanded a trial de novo · as authorized by A.R.S. § 12–910(B) which reads:

"The trial shall be de novo if trial de novo is demanded in the complaint or answer of a defendant other than the agency and if no hearing was held by the agency or the proceedings before the agency were not stenographically reported so that a transcript might be made. When a trial de novo is available under the provisions of this section, it may be had with a jury upon demand of any party."

Appellee contended in his motion to dismiss that appellant had not filed a verified response to the complaint before the Real Estate Commissioner as required by A.R.S. § 32–2157 and thereby had waived the administrative hearing. Appellee reasons that the waiver of the administrative hearing includes the waiver of appeal rights, and that under the Administrative Procedure Act, A.R.S. § 41–1009(D),[1] the actions by appellant were a voluntary relinquishment of a known right, and therefore appellant was estopped from appealing the decision of the Real Estate Commissioner and demanding a trial de novo. We disagree with this contention and with the dismissal in the Superior Court.

Subsection B of § 12–910, supra, authorizes upon demand a trial de novo if no hearing was held by the agency (i. e., Commissioner) or the proceedings before the agency were not stenographically reported.

Appellant submitted the matter to the Commissioner on the record made before him on that date. As evidenced by

1. "A.R.S. § 41–1009D. Unless precluded by law, and except as to claims for compensation and benefits under chapters 6 and 7 of title 23, informal disposition may be made of any contested case by stipulation, agreed settlement, consent, order or default."

**448**

the Commission's findings and orders of April 26, 1971, the Commissioner considered the matters set forth in the complaint, the investigation file, and the answer of the appellant, although unverified. No hearing took place and consequently the proceedings were not stenographically reported. In addition, appellant demanded a trial de novo in his complaint to the Superior Court. Thus, all requirements for granting a trial de novo existed. The Superior Court has no discretion for denying a trial de novo once the elements of § 12–910(B) are evident. The fact that no hearing was held before the Commissioner does not mean that there was an informal disposition of the matter under A.R.S. § 41–1009(D). Assuming that A.R.S. § 41–1009(D) could be interpreted as saying no appeal lies, it is violative of the rules of statutory construction to give that section priority over A.R.S. § 12–910(B). Chapter 6, entitled Administrative Procedure, A.R.S. §§ 41–1001—41–1013, is a general statute applicable to all State agencies. Generally, it sets out how to conduct hearings and does not deal with appellate rights. Conversely, A.R.S. § 32–2153 and §§ 32–2157 through 32–2159 are special statutes relating to hearings before the Real Estate Commissioner. In speaking of judicial review, A.R.S. § 32–2159 specifically refers to A.R.S. §§ 12–901 through 12–914. When provisions of a general statute are inconsistent with those of a special statute on the same subject, the special statute controls. Webb v. Dixon, 104 Ariz. 473, 455 P.2d 447 (1969). Thus, even if A.R.S. § 41–1009(D) contained apt language stating that the waiver of a hearing operated to deprive a party of a trial de novo, it has no application to real estate hearings on real estate licenses which permit a trial de novo under the conditions of A.R.S. § 12–910(B). The requirements of A.R.S. § 12–910(B) were clearly met in this case.

Finally, our Supreme Court in Davis v. Brittain, 89 Ariz. 89, 358 P.2d 322 (1960), stated as follows:

"It is our opinion and we hold that a trial de novo is, as its name implies, a

trial 'anew' and if the Legislature intends to restrict an indepedent [sic] determination by the trial court in proceedings where the Legislature has provided for a trial de novo, the Legislature must also by statute *spell out* any such limitation on the trial court. . . ." (emphasis ours) 89 Ariz. at 95, 358 P.2d at 326.

The judgment of the Superior Court is thus reversed.

OGG and STEVENS, JJ., concur.