[No. C005688. Third Dist. Apr. 4, 1990.]

SACRAMENTO COUNTY DEPUTY SHERIFFS' ASSOCIATION, Plaintiff and Respondent, v.
COUNTY OF SACRAMENTO, Defendant and Appellant.

COUNSEL

L. B. Elam, County Counsel, and J. Steven Burris, Deputy County Counsel, for Defendant and Appellant.

Mastagni, Holstedt & Chiurazzi and Mark R. Kruger for Plaintiff and Respondent.

## OPINION

**SPARKS, Acting P. J.**—Seeking shelter from the storm, the Sacramento County Deputy Sheriffs' Association (Deputies) brought this action for declaratory relief against the County of Sacramento (County) requesting a declaration that its members "are entitled to be provided with adequate rain gear including, but not limited to, a rain hat, rain boots, rain jacket and rain pants" and "that . . . members who have expended their personal resources for the purpose of purchasing rain gear are entitled to be compensated from the . . . County of Sacramento; . . ."[1] The lower court overruled the County's demurrer—which was based on the argument the Deputies failed to exhaust their administrative remedies—and ultimately rendered a judgment declaring "raincoats and rain boots are safety equipment" which the County "has a duty to provide [to] Sheriff's Deputies" and which "is not contingent upon or limited in [any way] by the amount of money received from the State for [that] purpose . . . ." The county's appeal renews its procedural and substantive objections. We agree that the Deputies failed to exhaust their administrative remedies and that no exception to the requirement of exhaustion appears. Consequently, we shall reverse and remand with directions to dismiss the complaint.

### FACTUAL AND PROCEDURAL HISTORY

Because we do not reach the merits of this dispute, the relevant facts are primarily procedural. In September 1986, the County scheduled a "meet and confer" session (see Gov. Code, § 3505) with the Deputies in response to a letter from the Deputies regarding the County's duty to provide rain gear for all members of the unit. The Deputies' initial position was that Government Code section 50081 was the source of this duty. Following a meeting between the parties, the County adhered to an interpretation of the statute absolving it of any duty to provide rain gear; without this duty, the provision of rain gear was no longer a term of employment and thus no obligation to meet and confer existed. This action followed.

In its petition, the Deputies alleged that it is the recognized bargaining agent for all deputies and sergeants working for the sheriff's department; that members of it have used personal funds for purchasing foul weather gear which was necessary for their safety and protection under adverse

---

[1] As filed, the Deputies also sought a writ of mandate against the "State of California" to compel the Legislature to provide funds for this purpose, but the Deputies voluntarily dismissed the state as a party shortly after filing the action. The Sheriff of Sacramento County was also a nominal defendant, but the judgment is not directed against him and he has not separately appealed from the judgment.

weather conditions; that the sheriff's department has mandated authorized types of rain gear to be worn on duty with the risk of discipline for nonconformity; and that an actual controversy exists as to whether the County is obligated under Government Code section 50081[2] and Labor Code section 6401 (undesignated section references will be to this code)[3] to provide the rain gear without cost. The Deputies thus "desire[d] a judicial determination as to whether or not the COUNTY OF SACRAMENTO . . . is responsible to provide to *each one* of [the] employees within the Bargaining Unit adequate rain gear and a Declaration as to whether or not employees within the Bargaining Unit are entitled to be reimbursed for the personal funds which were used to purchase rain gear." (Italics supplied.) The verified petition also alleged the Deputies had "exhausted all administrative remedies."

The County initially demurred.[4] Among the grounds asserted was the failure of the Deputies to exhaust their available administrative remedies, either by filing a complaint with the Division of Occupational Safety and Health (Division), the enforcement arm within the Department of Industrial Relations, or requesting the adoption of an occupational safety and health regulation from the Occupational Safety and Health Standards Board (Standards Board), the quasi-legislative arm within the Department of Industrial Relations responsible for developing standards for health and safety. (See *Bendix Forest Products Corp.* v. *Division of Occupational Saf. & Health* (1979) 25 Cal.3d 465, 467, fn. 2 [158 Cal.Rptr. 882, 600 P.2d 1339]; § 6302, subds. (b), (d), (e).) Its points and authorities noted the general rule requiring the exhaustion of administrative remedies as a condition precedent to judicial relief, even where the statute providing the administrative remedy does not explicitly make it a prerequisite or couches the administrative remedy in permissive terms. (*Flores* v. *Los Angeles Turf Club* (1961) 55

---

[2] In pertinent part, Government Code section 50081 provides: "To the extent that funds therefor have been made available to a local agency pursuant to Section 50082, the legislative body of a local agency shall furnish each newly hired police officer and deputy sheriff employed full time by the local agency with . . . raincoats, and rainboots."

The cross-referenced Government Code section 50082 provides in pertinent part: "The Legislature shall make available to [a Department of Justice entity] for allocation to local agencies, funds to be used to provide the equipment required to be furnished by Section 50081."

[3] Labor Code section 6401 provides: "Every employer shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations, and processes which are reasonably adequate to render such employment and place of employment safe and healthful. Every employer shall do every other thing reasonably necessary to protect the life, safety, and health of employees."

This provision is applicable to public agencies. (§§ 3300, 6304; *Oakland Police Officers Association* v. *City of Oakland* (1973) 30 Cal.App.3d 96, 99 [106 Cal.Rptr. 134].)

[4] We discuss the contents of the trial filings at length because the arguments on appeal merely echo them.

Cal.2d 736, 747 [13 Cal.Rptr. 201, 361 P.2d 921]; *People* v. *Coit Ranch, Inc.* (1962) 204 Cal.App.2d 52, 58 [21 Cal.Rptr. 875]; 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 234, pp. 264-265.)

In opposition to the exhaustion argument, the Deputies asserted first that the Occupational Safety and Health Act (Cal-OSHA) does not explicitly mandate initial resort to its procedures and provides for review of Division actions by the Courts of Appeal and the Supreme Court (§ 6308) without containing "any language stating that administrative remedies must be exhausted before review . . . . If the legislature intended a complainant to exhaust administrative remedies prior to litigation, it would have said so." In addition, they found significant the fact no case had specifically held one must exhaust the Cal-OSHA's administrative remedy before seeking judicial relief, impugning the County's authorities as "over twenty years old" and "general." As their fallback argument, they complained their administrative remedy was inadequate. (See 3 Witkin, *op. cit. supra*, Actions, § 238, p. 269.)

It is not reported what transpired at the hearing on the demurrer. The demurrer was overruled by minute order and the reasoning there is confined to the assertion that "Movant presents no authority that plaintiff must exhaust administrative remedies. See *City of Oakland* [, *supra*, 30 Cal.App.3d 96]."

In contemplation of the hearing on the merits of the petition, the parties submitted affidavits on the substantive issue, the substance of which need not be recounted here. The County renewed its exhaustion argument and in reply the Deputies incorporated their opposition to the demurrer on that issue. Following oral argument, the court took the matter under submission. The judgment in favor of the Deputies we quoted at the outset of this opinion was limited to the substantive issue of the section 6401 duty to provide foul weather gear. However, the trial court's written ruling on the matter discussed the exhaustion argument. There, it first noted that "[d]efendants have [not] been able to point to [any] authority to show that exhaustion of such procedures is required." The court then dispatched the Deputies' authority to the contrary, but ultimately stated its reasoning as "[w]hether or not exhaustion has occurred in the present case appears to be irrelevant, given the fact that the primary issue to be resolved by the administrative body, the question of whether rain gear is a safety device, has already been answered affirmatively in the *City of Oakland* decision."[5]

---

[5] *City of Oakland, supra*, 30 Cal.App.3d 96, decided before the effective date of the Cal-OSHA (see Stats. 1973, ch. 993, § 107, pp. 1954-1955), found that service revolvers were safety equipment which the employing local agency was obliged to supply as part of its duty

## Discussion

Section 6401, under which the Deputies would premise the duty of the County to provide rain gear,[6] was reenacted as part of Cal-OSHA in 1973. Under Cal-OSHA, the Division has the power, jurisdiction, and supervision over every employment or place of employment necessary to adequately enforce and administer all laws, lawful standards and orders (which are promulgated by the Standards Board setting health and safety standards categorically for occupations and employments (§ 6305, subd. (a)), or special orders (promulgated by the Division with respect to health and safety for particular employers or employments not covered by Standards Board standards and orders (§ 6305, subd. (b)) requiring the safety of the employment or place of employment and requiring the protection of the health and safety of every employee. (§§ 6303, 6303.5, 6307.) This power, jurisdiction, and supervision may be invoked by the complaint of any employee or employee representative; if the complaint involves a serious violation (defined as one with the probability of death or serious physical injury), the Division must summarily investigate within three working days, and otherwise must do so within fourteen calendar days. (§ 6309.) ▌ As the Supreme Court held in *Bendix Forest Products Corp., supra,* 25 Cal.3d at pp. 470-473, the Division is thus fully empowered under Cal-OSHA to require an employer to provide safety devices without cost to employees as part of the employer's duty under section 6401. Thus, there is an administrative remedy for resolution of the Deputies' dispute with the County.

▌ When the requirement of exhaustion is not excused, "relief must be sought from the administrative body and this remedy exhausted before the courts will act." (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715].) Exhaustion of administrative remedies, the high court emphasized, is "not a matter of judicial discretion, but is a fundamental rule of procedure laid down by courts of last resort, followed under the doctrine of *stare decisis,* and binding upon all courts."

---

under section 6401 (which existed in identical form before its incorporation in the Cal-OSHA [see Stats. 1937, ch. 90, § 6401, p. 308]). (*Id.* at pp. 99-101.) The court further held the enactment of Government Code section 50081 in 1970 did not limit the section 6401 duty of the employer, and 1972 amendments to Government Code section 50081 did not alter the legislative declaration of the items described therein as safety equipment. (*Id.* at pp. 101-104.)

[6]No such duty could be premised upon the directory language of Government Code section 50081 itself ("the legislative body of a local agency shall furnish [etc.] ") because it is explicitly limited ("To the extent that funds therefor have been made available to a local agency pursuant to Section 50082. . . ."). As the trial court found in its written ruling (probably correctly, were we to reach the merits), "there is a legislatively declared duty on the part of the County to provide . . . the safety equipment enumerated in section 50081, . . . and that duty is not limited by the amount of money received from the State . . . but is *part of the County's obligation under Labor Code section 6401.*" (Italics supplied.)

(*Id.* at p. 293.) Thus, in the absence of some excusing exception, "exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts." (*Ibid.*; see also 3 Witkin, Cal. Procedure, *op. cit. supra*, Actions, § 234, pp. 264-265; 2 Witkin, *op. cit. supra*, Jurisdiction, § 69, p. 437.) It may well be true that the exhaustion doctrine does not implicate fundamental, subject matter jurisdiction and is rather a procedural prerequisite. Thus, it has been said that exhaustion is jurisdictional "only in the sense that a court's failure to apply the rule in a situation where the issue has been properly raised can be corrected by the issuance of a writ of prohibition." (*Green* v. *City of Oceanside* (1987) 194 Cal.App.3d 212, 222 [239 Cal.Rptr. 470]; see also *Doster* v. *County of San Diego* (1988) 203 Cal.App.3d 257, 260 [251 Cal.Rptr. 507].) So construed, the failure to timely raise the issue will result in its waiver. But where, as here, the issue is timely raised, exhaustion remains a prerequisite to judicial relief. It is true, as we noted in *County of Contra Costa* v. *State of California* (1986) 177 Cal.App.3d 62 [222 Cal.Rptr. 750], that "before the doctrine can be said to be jurisdictional it must first apply to the case at issue. As the Court of Appeal explained in *Ogo Associates* v. *City of Torrance* (1974) 37 Cal.App.3d 830 [112 Cal.Rptr. 761], 'the doctrine of exhaustion of administrative remedies has not hardened into inflexible dogma. It contains its own exceptions, as when the subject matter of the controversy lies outside the administrative agency's jurisdiction, when pursuit of an administrative remedy would result in irreparable harm, when the administrative agency cannot grant an adequate remedy, and when the aggrieved party can positively state what the administrative agency's decision in his particular case would be.' Thus the jurisdictional sweep of the doctrine presupposes that none of these recognized exceptions applies." (*Id.* at p. 73, citations omitted.) We turn then to the question of whether any recognized exception excused the Deputies from exhausting their remedy before the Division.

█ The position of the Deputies with respect to this administrative remedy is entirely backward: it is not the County which must find some specific authority declaring that the administrative remedies of the Cal-OSHA must be first exhausted before resort to judicial remedies; it is the Deputies who must find some exception to the general rule cited earlier, a rule neither vitiated by its "generality" nor the fact the particular authority cited for it is "over 20" years old. Our Supreme Court reaffirmed in *Flores, supra*, 55 Cal.2d 736, 747, that the prerequisite of administrative exhaustion applies even where the particular statute does not explicitly so provide,[7] and

---

[7] A jurisdictional rule that is fully applicable in declaratory relief actions (*Bleeck* v. *State Board of Optometry* (1971) 18 Cal.App.3d 415, 432 ["The doctrine of exhaustion . . . may not be circumvented by bringing actions . . . such as actions for declaratory relief"]; *Coit Ranch, Inc., supra*, 204 Cal.App.2d at p. 58; *Dunham* v. *City of Westminster* (1962) 202

the principle of *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937], does not have a 26-year statute of limitations.[8] Nor does the provision for review of Division action by the appellate courts somehow imply authority to bypass the Division and resort initially to judicial relief in the trial courts. Finally, in contradiction to the mere representation of the Deputies, *Bendix Forest Products Corp.* stands for the proposition this administrative remedy is *not* ineffective.

This leaves the trial court's ultimate resolution of the exhaustion question, in essence stating that it might as well rule on the issue because the issue is simply a legal one, already resolved allegedly pursuant to *City of Oakland, supra,* 30 Cal.App.3d 96. However, even if the decision in *City of Oakland* were entirely dispositive of the issue, rendering it a mere question of law, this does not make the Division incompetent to enforce the holding administratively such that the exhaustion requirement should be ignored; indeed, far better such a mundane ministerial act such as carrying out the purported mandates of *City of Oakland* be resolved at the administrative level—and the County represented at argument below its willingness to comply with any such order of the Division—than to incur the expense of litigation and waste scarce judicial resources. Such an exception could quickly swallow the rule of exhaustion, given the frequency with which administrative agencies merely apply principles of law laid down by the courts.

Second, even ignoring this efficiency allocation between agencies and courts, the expertise of the Division is indeed necessarily invoked in this dispute. We do not believe *City of Oakland* reaches so far as to say *every*

---

Cal.App.2d 245, 249-250 [20 Cal.Rptr. 772]; *Chapman* v. *Division of Real Estate* (1957) 153 Cal.App.2d 421, 431 [314 P.2d 773] ["the general rule requiring exhaustion of administrative remedies before equitable relief can be granted is well established"]; *Imperial Mut. L. Ins. Co.* v. *Caminetti* (1943) 59 Cal.App.2d 501, 505-506 [139 P.2d 691]; 5 Witkin, *op. cit. supra,* Pleading, § 823, pp. 266-267); as the Supreme Court long ago announced, "It has been held repeatedly that actions for declaratory relief involve matters of practice and procedure only and are not intended in any way to enlarge the jurisdiction of courts over parties and subject-matter." (*Hoyt* v. *Board of Civil Service Commr.* (1942) 21 Cal.2d 399, 403 [132 P.2d 804].)

[8] As authority allegedly excusing their failure to exhaust administrative remedies, the Deputies cite this court's decision in *California State Employees' Assn.* v. *Enomoto* (1981) 118 Cal.App.3d 599, 601 [173 Cal.Rptr. 517], as reaching the merits of a Labor Code dispute and brushing aside an exhaustion argument. We point out for their benefit that our *assumption* that administrative remedies were exhausted by no means expresses *any* view of this court on that question; it is merely a standard vehicle for abbreviating the length of an opinion through skipping over what might have been an alternative holding (see 9 Witkin, Appeal, *op. cit. supra,* § 786, pp. 757-758) that also would have fully supported a decision. As for the trial court's citation of *City of Oakland* as the basis for its denial of the demurrer, the relevance is not readily apparent since it was decided before the effective date of the Cal-OSHA and consequently the administrative remedy now in existence.

item enumerated in Government Code section 50081 must be provided to *every* peace officer under section 6401. Assuming the correctness of the *City of Oakland* decision that conditions of employment warrant every police officer being furnished with the safety device of a service revolver, rain gear is simply not the same as a service revolver.[9] ■■ Since the ratio decidendi of an opinion must be determined by the facts which were before the court rendering it (9 Witkin, *op. cit. supra*, Appeal, § 784, p. 755), this difference in the type of safety equipment affects the aspect of the holding requiring all employees to be outfitted. Consequently, the fact the status of rain gear as a safety device might be settled as a matter of law still requires the application of the quintessential bailiwick of the Division, its *raison d'être,* the determination of the extent to which conditions of the work place or of the employment require the use of a safety device.

In short, regardless of whether it is a question of convenience or a real need for the Division's expertise, resort to the Division must be made before coming to court in this matter. The trial court was therefore without jurisdiction to entertain this action.

## DISPOSITION

The judgment is reversed and the cause remanded to the trial court with directions to dismiss the complaint. Appellant shall recover its costs in this appeal.

Marler, J., and DeCristoforo, J., concurred.

Respondent's petition for review by the Supreme Court was denied July 10, 1990. Panelli, J., was of the opinion that the petition should be granted.

---

[9] Unlike the fact peace officers must definitionally be always prepared to keep the peace, which in the American way of things requires a firearm to be at the ready, it is conceivable there are deputies whose duties keep them far from wet or rain. Thus, rain gear is more equivalent to goggles; while goggles are certainly a safety device, one would not say every employee should be outfitted with them regardless of employment or occupation.