880 P.2d 639

The ORIGINAL APARTMENT MOVERS,
INC., an Arizona corporation,
Plaintiff–Appellant,

v.

Paul WADDELL, in his capacity as
Director of the Arizona Department
of Revenue, Defendant–Appellee.

No. 1 CA–TX 92–0012.

Court of Appeals of Arizona,
Division 1, Department T.

Dec. 7, 1993.

Reconsideration Denied Jan. 20, 1994.

Review Denied Sept. 20, 1994.

**420**

Shimmel, Hill, Bishop & Gruender, P.C. by Keith F. Overholt and James C. Paul, Phoenix, for plaintiff/appellant.

Grant Woods, Atty. Gen. by William D. Hostetler, Phoenix, for defendant/appellee.

## OPINION

WEISBERG, Presiding Judge.

This appeal stems from the granting of a motion to dismiss in a declaratory judgment action. Because we hold that the trial court should decline to accept a declaratory judgment action when the issue in question is factually based and more appropriately decided through administrative procedures, we affirm.

### Facts and Procedural History

The Department of Revenue ("DoR") attempted to audit the records of appellant, the Original Apartment Movers, Inc. ("Movers"), to determine whether it owed transaction privilege taxes, *see* A.R.S. § 42–1310.02 (1991), but Movers refused to give DoR access to its records. Before subpoena enforcement proceedings were instituted, Movers filed a declaratory judgment action in the tax court seeking a declaration that it was exempt from transaction privilege taxes and, as a result, that DoR did not have the authority to audit it.

DoR filed a motion to dismiss arguing that Movers had failed to state a claim upon which relief could be granted and that the tax court lacked subject-matter jurisdiction. The tax court granted the motion to dismiss based on failure to state a claim upon which relief could be granted; it held that Movers

had not presented a "justiciable issue." Movers timely appealed.

### Discussion

*Justiciable Controversy*

#### A. Standard of Review

[1, 2] For a court to grant declaratory judgment, the party seeking relief must assert "a legal relationship, status or right" in which the party has a definite interest and "the denial of it by the other party." *Morris v. Fleming*, 128 Ariz. 271, 273, 625 P.2d 334, 336 (App.1980). That assertion provides the necessary "justiciable controversy" on which to base the declaratory judgment. *See Thomas v. City of Phoenix*, 171 Ariz. 69, 74, 828 P.2d 1210, 1215 (App.1991) (citing *Arizona State Bd. of Directors for Junior Colleges v. Phoenix Union High Sch. Dist.*, 102 Ariz. 69, 73, 424 P.2d 819, 823 (1967)). In the instant case, Movers seeks a declaration that it is not a "taxpayer" under Ariz.Rev.Stat. Ann. ("A.R.S.") section 42–117, which provides DoR's power to audit. Movers argues that it is statutorily exempt from transaction privilege taxes and therefore is not subject to DoR's audit. DoR responds that the decision whether Movers owes taxes should be determined first by DoR as the administrative agency created for that purpose.

#### B. Subject–Matter Jurisdiction

Although DoR argues that the trial court lacks subject-matter jurisdiction, and couches its argument in terms of Movers' failure to exhaust administrative remedies, its substantive position is really founded on the doctrine of primary jurisdiction. *See Campbell v. Mountain States Tel. & Tel. Co.*, 120 Ariz. 426, 429–30, 586 P.2d 987, 990–91 (App.1978) (exhaustion doctrine determines *when* judicial review is available; primary jurisdiction doctrine determines *who* should initially determine case). Both the exhaustion of remedies doctrine and the primary jurisdiction doctrine are methods of judicial administration, not subject-matter jurisdiction. *See id.* The issue in the instant case is whether, under the doctrine of primary jurisdiction, the tax court *should* consider the dispute, not whether it *can* consider the dispute. Although the tax court has the neces-

sary subject-matter jurisdiction, we must consider the substance of DoR's argument: whether the tax court should exercise that jurisdiction.

### C. Doctrine of Primary Jurisdiction

■ Arizona has adopted the doctrine of primary jurisdiction:

[T]he doctrine of primary jurisdiction determines whether the court or the agency should make the initial decision in a particular case.

. . . .

The doctrine of primary jurisdiction is a discretionary rule created by the courts to effectuate the efficient handling of cases in specialized areas where agency expertise may be useful.

*Campbell*, 120 Ariz. at 429–30, 586 P.2d at 990–91; *see also Tanner Cos. v. Arizona State Land Dep't*, 142 Ariz. 183, 188, 688 P.2d 1075, 1080 (App.1984) (declaratory judgment not appropriate for initial decisions committed to administrative body). The Arizona Supreme Court has applied the United States Supreme Court's reasoning to determine whether an agency should have primary jurisdiction:

[I]n cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over. This is so even though the facts after they have been appraised by specialized competence serve as a premise for legal consequences to be judicially defined. Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.

*Campbell*, 120 Ariz. at 430, 586 P.2d at 991 (quoting *Far East Conference v. United States*, 342 U.S. 570, 574–75, 72 S.Ct. 492, 494–95, 96 L.Ed. 576 (1952)). The Arizona Supreme Court went on to note that "[i]n deciding questions of primary jurisdiction, the statutorily defined purposes and powers of the administrative agency are relevant indicators of the agency's particular skill and expertise in the specific area." *Id.* at 431, 586 P.2d at 992.

### D. Application

■ Decisions concerning a person's tax liability are entrusted to DoR. A.R.S. § 42–117. DoR has the authority and expertise to make the necessary factual investigations. The administrative decision whether a person owes taxes is within the primary jurisdiction of DoR. A.R.S. § 42–117. In the instant case, the question whether Movers is a taxpayer subject to transaction privilege taxes turns on the factual question whether it has engaged in any business transaction within the ambit of A.R.S. section 42–1310.02. Under the administrative approach adopted by the legislature, that question should first be examined by DoR through its audit procedures. *See* A.R.S. § 42–117. Movers may not preempt the administrative investigation by rushing to the tax court before all factual questions have been subjected to DoR's audit.

■ Movers' attempt to narrowly define "taxpayer" under A.R.S. section 42–117 is necessarily dependent upon the facts of its business transactions. Those same facts would be the subject of DoR's proposed audit. In accordance with the doctrine of primary jurisdiction, we hold that courts must defer the first examination of such facts to DoR. Because these facts are necessary to determine the issues before it, the tax court must decline to exercise its jurisdiction.

Movers cites two Arizona tax cases in which the trial court entered declaratory judgment. They are, however, distinguishable. *State Tax Commission v. Wallapai Brick & Clay Products, Inc.* involved a challenge to the validity of an administrative rule. 85 Ariz. 23, 29, 330 P.2d 988, 992 (1958). Such an issue is statutorily placed within the primary jurisdiction of the superior court. *See* A.R.S. § 41–1034 (person challenging validity of administrative rule can file

a declaratory judgment action). The *Wallapai Brick* court recognized that the legislature could choose to place certain questions within the primary jurisdiction of the superior court, *see* 85 Ariz. at 29, 330 P.2d at 992. In the instant case, the legislature choose to place factual questions of tax liability within the primary jurisdiction of DoR, *see* A.R.S. § 42–117, distinguishing this case from *Wallapai Brick.*

*Peterson v. Central Arizona Light & Power Co.* involved a challenge to the validity of penalties levied after the assessment of a tax deficiency. 56 Ariz. 231, 236, 107 P.2d 205, 208 (1940). The *Peterson* court noted that the parties did not dispute any facts and, because the case involved penalties and not taxes, statutes committing questions concerning tax liability to administrative bodies did not apply. *Id.* In contrast, the instant case does involve disputed factual issues that should be subjected first to administrative review.

██ A person is subject to an audit to determine his or her tax liability, even if the result may be that no tax is owed. The mere burden inflicted by the administrative review is not sufficient to create a justiciable issue. In a similar vein, the United States Supreme Court has held that the burden of an administrative hearing was not sufficient to overcome a litigant's failure to exhaust his administrative remedies. The Supreme Court commented:

> Obviously, the rule requiring exhaustion of the administrative remedy cannot be circumvented by asserting that the charge on which the complaint rests is groundless and that the mere holding of the prescribed administrative hearing would result in irreparable damage. Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact.

*Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 51–52, 58 S.Ct. 459, 464–65, 82 L.Ed. 638 (1938) (footnote omitted). Nor should Movers be able to circumvent the doctrine of primary jurisdiction by asserting that it has no tax liability.

Arizona statute prescribes an audit as the process for DoR to determine whether a person does or does not owe taxes. Movers' argument, if successful, would allow any person to avoid an audit and send the question to the tax court by simply alleging that one is somehow exempt from taxation. Such a result would substitute the tax court for DoR as the primary fact-finder in matters of tax liability. *Cf. Myers,* 303 U.S. at 50, 58 S.Ct. at 463 (holding that, by enjoining an administrative hearing, a district court would "substitute the District Court for the [National Labor Relations] Board as the tribunal to hear and determine what Congress declared the Board should exclusively hear and determine in the first instance").

### Conclusion

Because the factual inquiry concerning a person's tax liability is within the primary jurisdiction of DoR, we conclude that the tax court appropriately declined to exercise its jurisdiction. We accordingly affirm the tax court's granting of the motion to dismiss.

GARBARINO and CLABORNE, JJ., concur.