■ In the Matter of JOHN HALL, Respondent, v D. BRUCE JOHNSTONE, as Chancellor of the State University of New York, et al., Appellants. [620 NYS2d 630] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Petitioner was informed by the chairperson of the Nursing Department at SUNY Brockport that, because of his conduct during a clinical assignment at a local hospital, he was being given a failing grade in the clinical course and was being dropped from the nursing program. Pursuant to guidelines set forth in the college catalog, petitioner instituted a student grade appeal. A faculty panel convened a hearing and determined that no basis existed to overturn the failing grade. Petitioner commenced this CPLR article 78 proceeding to challenge that determination, contending that the appeal and hearing procedure violated his right to due process. Supreme Court annulled the determination and directed that respondents schedule a rehearing in accordance with certain procedural protections. We reverse.

The college guidelines authorize an appeal from the determination of the faculty panel to the vice-president for academic affairs in any case where there "is clear evidence of substantial irregularity on the part of the panel." The record fails to establish that petitioner exhausted his administrative remedies by appealing the alleged denial of due process rights to the vice-president for academic affairs (see, Matter of Nelson v Coughlin, 188 AD2d 1071, appeal dismissed 81 NY2d 834). Because respondents did not assert in their answer the failure to exhaust administrative remedies as an objection in point of law (see, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7804:7, at 657), respondents waived that objection.

In any event, petitioner's due process challenge lacks merit. Petitioner attended the hearing and had the opportunity to present his case to the panel. He was assisted at the hearing by his mother, who made a general statement to the panel. He was not denied the opportunity to call witnesses or to present documentary evidence in support of his case. Petitioner admitted at the hearing that he fell asleep during his clinical

assignment, leaving a hospital patient unattended. He also admitted that, by reason of such conduct, he could be assigned a failing grade and be removed from the nursing program. The panel concluded that the medical condition of petitioner while attending his clinical assignment did not excuse his failure to notify his supervisors that he was leaving a patient unattended. Under the circumstances, the appeal and hearing process satisfied the minimal due process rights applicable to academic grade determinations (see, Board of Curators, Univ. of Mo. v Horowitz, 435 US 78; Matter of Sofair v State Univ., 44 NY2d 475). Further, the court erred in concluding that petitioner had the right to cross-examine witnesses and in directing that the rehearing be transcribed (see, Board of Curators, Univ. of Mo. v Horowitz, supra; Matter of Mary M. v Clark, 100 AD2d 41, 44). (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Article 78.) Present—Denman, P. J., Green, Balio, Wesley and Callahan, JJ.