916 P.2d 1130

Daniel MEDINA, Petitioner–Appellee,

v.

ARIZONA DEPARTMENT OF TRANSPORTATION, Respondent–Appellant.

No. 1 CA–CV 94–0147.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 5, 1995.

Review Denied May 21, 1996.

---

Law Offices of William C. Porter by Billy K. Sipe, Jr., Kingman, for Petitioner–Appellee.

Grant Woods, Attorney General by Susan E. Davis, Assistant Attorney General, Phoenix, for Respondent–Appellant.

## OPINION

THOMPSON, Judge.

The dispositive issue in this appeal is whether the alleged failure of Petitioner–Appellee Daniel Medina ("Medina") to exhaust all available administrative remedies following suspension of his driver's license, pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") § 28–694, deprived the trial court of jurisdiction to entertain his appeal. We hold that the doctrine of exhaustion of administrative remedies does not implicate subject-matter jurisdiction, but rather is a procedural prerequisite to judicial review of an agency determination, and that the failure of Respondent–Appellant Arizona Department of Transportation ("ADOT") to timely raise this potential procedural defense resulted in its waiver. We therefore affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On August 7, 1992, Kingman Police Officer Mattosa stopped Medina for driving under the influence of intoxicating liquor ("DUI"). Medina's speech was extremely slurred, he had difficulty with his balance, and he admitted having consumed alcohol earlier that day. Officer Sipe arrived at the scene and performed field sobriety tests on Medina. He performed poorly on these tests and was placed under arrest for DUI.

At the county jail, Medina submitted to several breath tests administered by Officer Sipe. Officer Sipe, a certified intoxilyzer operator, used the Intoxilyzer Model 5000 to collect Medina's breath sample. Initially, Medina refused to blow into the machine. He then blew very lightly into the machine, producing an invalid test due to insufficient air flow. On his second deficient attempt, Medina continued to blow short, light breaths. After the machine was readied again, Medina finally provided an adequate breath sample, which registered .203 percent blood alcohol.

Based on Medina's breath test results, Officer Sipe seized his driver's license and served him with a ninety-day suspension order on behalf of ADOT. Medina timely requested a hearing with ADOT regarding his license suspension pursuant to A.R.S. § 28–694. The ADOT hearing officer affirmed Medina's ninety-day license suspension following the hearing. Medina thereafter filed a petition to review his license suspension in superior court. In his petition, Medina alleged that a motion for rehearing before ADOT was not required and that the superior court had jurisdiction. ADOT admitted these allegations in their answer.

Following oral argument, the superior court reversed the hearing officer's decision because the breathalyzer calibration records had been wrongfully admitted into evidence at the ADOT hearing. After the court reached this decision, but before judgment was entered, ADOT filed a motion to dismiss Medina's appeal, arguing that the court lacked jurisdiction because Medina had failed to exhaust administrative remedies prior to seeking judicial review. ADOT maintained that Medina was required to request an administrative rehearing before the superior court could consider his appeal.

The superior court entered a minute order "temporarily declining to exercise jurisdiction" and ordered Medina to file a request for a rehearing with ADOT within forty-five days. The court indicated that it would "pick up th[e] case at its present posture" if the request for rehearing was denied for any reason. Medina filed a motion for rehearing which was denied for untimeliness because almost a year had elapsed since the hearing. Medina then filed a motion for reconsideration in superior court.

On January 14, 1994, the superior court "re-exercised" jurisdiction and affirmed its prior order reversing the hearing officer's

decision. ADOT timely appealed to this court.

## DISCUSSION

██ In an appeal from the trial court's review of administrative agency factual findings, we examine whether such findings are supported by substantial evidence. *Sigmen v. Arizona Dep't of Real Estate*, 169 Ariz. 383, 386, 819 P.2d 969, 972 (App.1991). In so doing, we owe no deference to the agency's conclusions of law and may substitute our own. *Gardiner v. Arizona Dep't of Economic Sec.*, 127 Ariz. 603, 606, 623 P.2d 33, 36 (App.1980). We also independently review the trial court's jurisdiction as an issue of law. *R.A.J. v. L.B.V.*, 169 Ariz. 92, 94, 817 P.2d 37, 39 (App.1991).

██ ADOT argues that Medina's failure to exhaust his administrative remedies deprived the trial court of subject-matter jurisdiction and that therefore the judgment is void. This argument is based on Medina's failure to timely request an administrative rehearing prior to seeking judicial review.[1] When a statute or regulation provides a hearing and review process to litigants before an administrative agency, the failure to pursue that process generally precludes judicial review. *Cochise County v. Kirschner*, 171 Ariz. 258, 260, 830 P.2d 470, 472 (App.1992); *Sanchez–O'Brien Minerals Corp. v. State*, 149 Ariz. 258, 261, 717 P.2d 937, 940 (App.1986). However, ADOT did not raise the failure to exhaust administrative remedies as a possible defense until after the trial court had already reached a decision on the merits of Medina's petition. In fact, ADOT admitted in the answer that the trial court had jurisdiction and that a motion for rehearing was not required. We believe, then, that the dispositive issue presented in this case is not whether Medina exhausted his administrative remedies, but whether ADOT can waive the defense of failure to exhaust administrative remedies.

██ Under the exhaustion of remedies doctrine, litigants may not seek "judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Estate of Bohn v. Waddell*, 174 Ariz. 239, 246, 848 P.2d 324, 331 (App.1992), *cert. denied*, 509 U.S. 906, 113 S.Ct. 3000, 125 L.Ed.2d 693 (1993), citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938); *Arizona Law Enforcement Merit Sys. Council v. Dann*, 133 Ariz. 429, 431, 652 P.2d 168, 170 (App.1982). The purpose of the doctrine is "to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37, 92 S.Ct. 815, 818, 31 L.Ed.2d 17 (1972). The doctrine promotes both judicial economy and administrative agency autonomy by preventing premature judicial intervention in inchoate administrative proceedings.

██ Arizona has recognized the exhaustion doctrine as a long-settled rule of judicial administration that is usually applied by virtue of express statutory mandate. *Original Apartment Movers, Inc. v. Waddell*, 179 Ariz. 419, 420, 880 P.2d 639, 640 (App. 1993); *Campbell v. Mountain States Tel. & Tel. Co.*, 120 Ariz. 426, 429, 586 P.2d 987, 990 (App.1978); *State ex rel. Church v. Arizona Corporation Comm'n*, 94 Ariz. 107, 110, 382 P.2d 222, 224 (1963). In this sense, the doctrine is similar to other judicial gatekeeping devices, such as mootness, ripeness and standing, which courts have established to limit the cases over which they take jurisdiction. *Campbell v. Chatwin*, 102 Ariz. 251, 257, 428 P.2d 108, 114 (1967). This does not mean, however, that the exhaustion doctrine is simply a matter of judicial discretion. Indeed, our supreme court has held that, when the exhaustion doctrine is properly invoked

---

1. ADOT cites A.R.S. §§ 12–901(2), 12–902(B), 41–1062 and Rule R17–4–912 of the Arizona Administrative Code to support its contention that a rehearing is required before challenging a license suspension by appeal to the superior court. These statutes provide little guidance in determining whether a rehearing is necessary to exhaust administrative remedies. However, because we hold that ADOT waived this potential issue on appeal by failing to timely raise it, we do not reach the question of whether an administrative rehearing is required under A.R.S. § 28–694 prior to seeking judicial review.

in timely response to an action seeking judicial review of an administrative determination, the trial court may not exercise jurisdiction of the action. *Id.* at 258, 428 P.2d at 115; *see Mountain View Pioneer Hospital v. Employment Sec. Comm'n*, 107 Ariz. 81, 85, 482 P.2d 448, 452 (1971).

In the present case, ADOT maintains that the court lacked subject-matter jurisdiction and that therefore the court had no authority to review Medina's license suspension, notwithstanding ADOT's failure to raise a potential exhaustion defense. We disagree. Although the question of whether failure to exhaust administrative remedies implicates subject-matter jurisdiction has not been fully addressed in Arizona,[2] we conclude that exhaustion of remedies is generally a prerequisite to judicial relief which is based on the needs of judicial administration and not on consideration of the courts' subject-matter jurisdiction. *Original Apartment Movers*, 179 Ariz. at 420, 880 P.2d at 640; *Green v. City of Oceanside*, 194 Cal.App.3d 212, 239 Cal.Rptr. 470, 474 (1987); *Sacramento County Deputy Sheriffs' Ass'n v. County of Sacramento*, 220 Cal.App.3d 280, 269 Cal.Rptr. 6, 10 (1990); *but cf. Bohn*, 174 Ariz. at 251, 848 P.2d at 336; *Oberkirsch v. Director of Revenue*, 883 S.W.2d 110, 111 (Mo.Ct.App.1994). It is important to distinguish between a court's inability to act because it lacks subject-matter jurisdiction and a court's refusal to act because certain procedural defects, such as failure to exhaust administrative remedies, make its exercise of jurisdiction unwarranted. *Jackson v. Centennial School Dist.*, 509 Pa. 101, 501 A.2d 218, 224 n. 3

(1985) (Larsen, J., dissenting). Here, the trial court exercised jurisdiction without regard to whether Medina had fully exhausted his administrative remedies pursuant to A.R.S. § 28–694 because ADOT did not raise any issue as to a failure to pursue all available administrative remedies. The superior court had jurisdiction over the subject matter of Medina's appeal, although, if Medina had in fact failed to exhaust his remedies by not requesting an administrative rehearing and this failure had been timely raised, the court should have refused to entertain his appeal for failure to satisfy a procedural prerequisite. However, ADOT did not raise the exhaustion of remedies defense until after the trial court had already reached a decision on the merits.

Medina argues that ADOT's failure to timely raise the exhaustion of administrative remedies defense resulted in its waiver. Unlike lack of subject-matter jurisdiction, which can be raised at any time including on appeal and cannot be waived, *Dassinger v. Oden*, 124 Ariz. 551, 553, 606 P.2d 41, 43 (App.1979), procedural defects are waived if not raised and preserved in the trial court. The exhaustion doctrine is subject to numerous exceptions[3] which may require case-by-case analysis. It is the kind of claim which should fall within the general rule of civil litigation that objections and arguments not raised and preserved in the trial court are waived on appeal. *Green*, 194 Cal.App.3d 212, 239 Cal.Rptr. at 475. Moreover, it would be unfair to allow ADOT to forego a potential exhaustion of remedies defense at a time when the expense and

**2.** In *Mountain View* the supreme court decided that the trial court lacked jurisdiction where the tax refund sought in the complaint had not been claimed from the administrative agency authorized to grant such a refund. In that case, however, the plaintiff had completely failed to pursue a well-established statutory administrative claim procedure and such failure to exhaust remedies was timely raised as a defense by way of a motion to dismiss. As in *Chatwin*, the court had no need therefore to decide whether failure to exhaust administrative remedies was a jurisdictional bar to judicial review or whether it could be waived when the parties agreed that the matter should be heard on the merits.

Similarly, none of the cases relied upon by the dissent in this case addresses the question of

whether the defense of failure to exhaust administrative remedies may be waived. In *dicta*, this court has variously stated that failure to exhaust administrative remedies is (*Dann*) or is not (*Original Apartment Movers*) jurisdictional. There is no Arizona holding on this point.

**3.** While the exhaustion doctrine is a fundamental rule of procedure, Arizona courts have repeatedly recognized that it contains certain exceptions. For example, the doctrine is not summarily applied "where jurisdiction of the agency is being contested, where the agency's expertise is unnecessary, or where irreparable harm will be caused to the party by requiring the exhaustion of the administrative remedies." *Chatwin*, 102 Ariz. at 257, 428 P.2d at 114.

consumption of time occasioned by an action for judicial review had not yet been incurred. This would give ADOT, in effect, a veto over any adverse decision that could result from a determination on the merits. *Id.* Once Medina sought judicial review of his license suspension, his alleged failure to exhaust administrative remedies became a timely and possibly viable procedural defense. However, ADOT delayed raising this issue until after the court reached its decision and thus waived it. *Sacramento County,* 220 Cal. App.3d 280, 269 Cal.Rptr. at 10; *Hall v. Johnstone,* 209 A.D.2d 982, 620 N.Y.S.2d 630, 631 (1994).

### CONCLUSION

Because we conclude that ADOT waived any objection to the court's exercise of jurisdiction and that no other issue raised on appeal provides any basis for reversing the trial court's judgment, we affirm.

McGREGOR, P.J., concurs.

EHRLICH, Judge, dissenting.

I believe that the dispositive question on appeal is whether ADOT waived its claim that Medina was required to request a rehearing of its decision when it said in superior court that a motion for rehearing was not a prerequisite to judicial review of its order suspending Medina's driver's license pursuant to A.R.S. section 28–694. In other words, the issue is whether the doctrine of exhaustion of administrative remedies implicates a trial court's subject-matter jurisdiction. I respectfully dissent because I conclude that Medina's failure to exhaust his administrative remedies deprived the court of jurisdiction. In this regard, an analysis of the statutory requirements relating to a review of ADOT's license-suspension decisions is indispensable to a determination whether a licensee's failure to exhaust administrative remedies is jurisdictional.

When the legislature added A.R.S. section 28–694, the statute was silent as to the ne-

cessity of a rehearing, 1987 Ariz.Sess.Laws Ch. 262, § 4, and it remains that way despite amendments. In light of this silence and because the case concerns the actions of a state agency, the general provisions of the Arizona Administrative Procedure Act ("APA"), A.R.S. § 41–1001 *et seq.,* are implicated. *Didlo v. Talley,* 21 Ariz.App. 446, 448, 520 P.2d 540, 542 (1974). The APA instructs regarding reconsideration of an agency's decision that, "[e]xcept when good cause exists otherwise, an *agency shall provide an opportunity for a rehearing* or review of the decision of an agency *before such decision becomes final.*" A.R.S. § 41–1062(B) (emphasis added). The obvious reason for this is to allow the agency with the expected expertise to correct its mistakes before the judicial process is invoked.

The Motor Vehicle Division of ADOT, the entity responsible for Medina's license suspension, has specified the rehearing process in the following administrative regulation:

> Any party in a contested case before the executive hearing office who is aggrieved by a decision rendered in such case may file with the executive hearing office, not later than 15 days after service of the original decision, unless otherwise prescribed by law, a written motion for rehearing of the original decision, specifying the particular reasons for rehearing.

A.A.C. R17–4–912(A). The use of the permissive word "may" does not relieve Medina from requesting a rehearing as a prerequisite to judicial review. The word "indicates an option only in the sense that a party may decide not to pursue any further review" as this court recently wrote regarding a similarly-worded regulation outlining the rehearing procedure for action taken against a physician's professional license. *Rosen v. Ariz. Bd. of Medical Examiners,* 185 Ariz. 139, 143, 912 P.2d 1368, 1372 (App.1995) (citing *Ariz. Law Enforcement Merit Sys. Council v. Dann,* 133 Ariz. 429, 432–33, 652 P.2d 168, 171–72 (App.1982)).[4]

---

4. For comparison, there is A.R.S. section 28–691, a companion of section 28–694, which includes the license suspension procedure for a driver who refuses to submit to a blood/breath test. The 1987 amendment to section 28–691 added the language that "[a] motion for rehearing is not required." This was the same legislation that resulted in section 28–694. I interpret this difference as an affirmative legislative act to modify the usual review procedure; had the legislature

"There is no question that if a hearing and review process is provided to parties before an administrative agency, failure to utilize that process precludes judicial review." *Sanchez–O'Brien Minerals Corp. v. State,* 149 Ariz. 258, 261–62, 717 P.2d 937, 940–41 (App.1986) (citing *Herzberg v. David,* 27 Ariz. App. 418, 555 P.2d 677 (1976); *Campbell v. Chatwin,* 102 Ariz. 251, 428 P.2d 108 (1967)). It makes no difference if the remedies are set forth in the act creating the agency in question or described in the general statutes relating to administrative procedure. *State Bd. of Dental Examiners v. Hoffman,* 23 Ariz.App. 116, 120, 531 P.2d 161, 165 (1975). The Arizona Administrative Review Act, a compilation of statutes which "applies to and governs every action to review judicially a *final* decision of an administrative agency," A.R.S. § 12–902(A) (emphasis added), demonstrates that an agency decision is not "final" and therefore not subject to judicial review until rehearing is sought.

> In all cases in which a statute or a *rule of the administrative agency* requires or *permits an application for a rehearing* or other method of administrative review, and an application for a rehearing or review is made, *no administrative decision of such agency is final as to the party applying therefor until the rehearing* or review *is denied,* or the decision on rehearing or review is rendered.

A.R.S. § 12–901(2) (emphasis added). The above principle was affirmed in *Rosen* when this court concluded that a physician's failure to timely request a rehearing of the board's licensure decision as allowed by the board's administrative regulation prevented the superior court from reviewing the board's decision; the physician was barred from further review. 185 Ariz. at 143, 912 P.2d at 1372.

Medina's failure to follow the rehearing procedure provided by law and exhaust his administrative remedies prior to seeking judicial review deprived the superior court of subject-matter jurisdiction. Jurisdiction cannot be waived by a party and may be asserted at any time. *E.g., Swichtenberg v. Brimer,* 171 Ariz. 77, 82, 828 P.2d 1218, 1223 (App.1991).[5] Accordingly, I would reverse and reinstate the administrative determination.

---

intended to include a similar provision in section 28–694, it certainly could and would have done so.

**5.** I recognize that there is uncertainty surrounding the question of when exhaustion is required. In fact, an administrative-law commentator has noted that, "[w]hen a court deems exhaustion desirable, it may say that it lacks jurisdiction to interfere, but when the question is a close one, a court may acknowledge that the result depends more on judicial discretion than on law." KENNETH C. DAVIS, ADMINISTRATIVE LAW TREATISE § 26:1 at 414 (2d ed. 1983). *See also Johnson v. Mofford,* 181 Ariz. 301, 303, 890 P.2d 76, 78 (App.1995); *Original Apartment Movers, Inc. v. Waddell,* 179 Ariz. 419, 420, 880 P.2d 639, 640 (App.1993). I believe it appropriate to give the agency an opportunity to reconsider its actions before judicial review is involved.