652 P.2d 168

**ARIZONA LAW ENFORCEMENT MERIT SYSTEM COUNCIL; Robert Struchen, Chairman; John R. Carney, Secretary; Wayne R. Schneider, Member, Petitioners,**

v.

**The Honorable B. Michael DANN, Judge of the Superior Court, Respondent Judge,**

**Roger DOTSON, Real Party in Interest.**

**No. 1 CA–CIV 6622–SA.**

Court of Appeals of Arizona, Division 1, Department D.

Sept. 16, 1982.

Robert K. Corbin, Atty. Gen. by John L. Jones, Asst. Atty. Gen., Phoenix, for petitioners.

McGroder, Pearlstein, Peppler & Tryon, P. C. by David M. Heller, Robyn Brown Hoffman, Phoenix, for respondent real party in interest.

## OPINION

EUBANK, Judge.

This special action challenges two orders of the trial court both denying petitioners' motion to dismiss respondents' complaint for lack of jurisdiction. Following our hearing on August 4, 1982, we entered an order accepting special action jurisdiction of the case, pursuant to Rule 7, Rules of Procedure for Special Actions, 17A A.R.S.; we ordered the Honorable B. Michael Dann, respondent judge, to dismiss the administrative appeal in Maricopa County Superior Court No. C–458020; we ordered the record to be sent to this court; and we stated that our written decision would follow. This, then, is our written decision setting forth our reasons for granting the petitioners special action relief.

The facts are not in dispute. Respondent, Roger Dotson, is a law enforcement officer with the Arizona Department of Public Safety. On December 24, 1981, he received notice from the Director that he was suspended from duty without pay for two working days. Respondent appealed his suspension to the Law Enforcement Merit System Council (Council), pursuant to A.R.S. § 28–235(C)(4).[1] The Council set the appeal for hearing and following the hearing, on February 11, 1982, it entered its order affirming the suspension. A copy of this order was received by the respondent officer on March 3, 1982. Without first filing a motion for a rehearing, as provided for by Rule R–13–5–10(V), *Arizona Administrative Rules and Regulations, infra,* respondent directly appealed to the Maricopa County Superior Court for judicial review,

1. The council shall:

&ast; &ast; &ast; &ast; &ast; &ast;

4. Pursuant to recognized merit principles, hear and review appeals from any order of the director of the department of public safety and the director of the Arizona criminal intelligence system agency in connection with the suspension, demotion or dismissal of a classified employee. The council's determination is final, except upon appeal as provided in § 28–236.

pursuant to A.R.S. § 28–236.[2] Petitioners moved to dismiss the appeal for lack of jurisdiction, but the motion was denied by the trial court.

█ The main issue before us is whether respondent officer was required to file a timely motion for rehearing with the Council as a condition precedent to his seeking judicial review in the superior court. As indicated by our order taking jurisdiction, we hold that respondent was required to file a timely motion for rehearing in order to obtain judicial review of the administrative decision under A.R.S. § 12–901 *et seq.*

A.R.S. § 12–901 *et seq.* provides for the judicial review of administrative decisions. A.R.S. § 12–902(B) limits such review as follows:

B. Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such decision. *If under the terms of the law governing procedure before an agency an administrative decision has become final because of failure to file any document in the nature of an objection, protest, petition for hearing or application for administrative review within the time allowed by the law, the decision shall not be subject to judicial review under the provisions of this article* except for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter. (Emphasis added).

The merit system council, pursuant to the authority contained in A.R.S. § 28–235 (*see Arizona Department of Public Safety v. Dowd,* 117 Ariz. 423, 428–29, 573 P.2d 497, 502–03 (App.1977)), adopted Rule R–13–5–10(V) which reads:

V. Rehearings Or Review of Decision:

1. Except as provided in Rule R13–5–10.X.,[3] any party in a contested case before the Merit System Council who is aggrieved by a decision rendered in such case may file with the Council, not later than ten (10) days after service of the decision, a written motion for rehearing or review of the decision specifying the particular grounds therefor.

2. Not later than ten (10) days after a decision is rendered, the Council may on its own initiative order a rehearing or review of its decision for any reason for which it might have granted a rehearing on motion of a party. In such case the Council shall give the parties or their counsel notice and an opportunity to be heard on the matter.

3. A motion for rehearing under this Rule may be amended at any time before it is ruled upon by the Council. A response may be filed within ten (10) days after service of such motion or amended motion by any other party. The Council may require the filing of written briefs upon the issues raised in the motion and may provide for oral argument.

4. The Council may affirm or modify the decision or grant a rehearing to all or any of the parties and on all or part of the issues for any of the reasons set forth

---

2. A classified employee who is suspended, demoted or dismissed pursuant to this article after a fair hearing and review before the merit system council and conformation of the suspension, demotion or dismissal by the agency head may appeal the determination of the council pursuant to title 12, chapter 7, article 6. If the determination of the council is overruled by the court, the employee shall be reinstated in his position and shall receive full compensation for any salary withheld pending determination by the council and court.

3. X. Decisions Not Subject To Rehearing Or Review: If in a particular decision the

Council makes specific findings that the immediate effectiveness of such decision is necessary for the immediate preservation of the public peace, health and safety and that a rehearing or review of the decision is impracticable, unnecessary or contrary to the public interest, the decision may be issued as a final decision without an opportunity for a rehearing or review. If a decision is issued as a final decision without an opportunity for rehearing, any application for judicial review of the decision shall be made within the time limits permitted for applications for judicial review of the Council's final decisions.

**432**

in Rule 13–5–10.W.[4] An order granting a rehearing shall specify with particularity the ground or grounds on which the rehearing is granted, and the rehearing shall cover only those matters so specified. (Footnotes added).

Respondent officer did not comply with Rule R–13–5–10(V) and file for a rehearing with the Council; consequently, further review of Council's decision is barred by A.R.S. § 12–902(B), *supra.* Therefore, the trial court lacked jurisdiction to review the administrative decision suspending the respondent officer and the court erred when it refused to grant either of petitioners' motions to dismiss.[5]

The facts *sub judice* are similar to those considered by Division 2 of our court in *Herzberg v. David,* 27 Ariz.App. 418, 555 P.2d 677 (1976). There the court said:

When A.R.S. Secs. 12–901(2) and 12–902(B) are read together, the legislative intent is clear. If a rehearing procedure is provided, either by statute or rule, a party aggrieved by an administrative decision must avail himself of such administrative review remedy as a condition precedent to judicial review. See *Roer v. Superior Court,* 4 Ariz.App. 46, 417 P.2d 559 (1966).

Rule R4–28–19(N) provides for rehearing of a decision of the Real Estate Commission. The purpose of such rehearing provision is to afford the Commission the first opportunity to correct its own mistakes, thereby eliminating or minimizing subsequent appeals and relitigation. See *Brooks v. Industrial Commission,* 24 Ariz. App. 395, 539 P.2d 199 (1975); 73 C.J.S. Public Administrative Bodies and Procedure § 156a (1951).

Appellant did not avail himself of the right to administrative review and thereby the order revoking his license became final. Since he failed to make an "application for administrative review" which a Rule R4–28–19(N) rehearing is, judicial review [1] was foreclosed. A.R.S. Sec. 12–902. (Footnote omitted).

*Id.* at 419, 555 P.2d at 678–79. We agree. Here, respondent officer failed to timely file a motion for rehearing with the Council; consequently, the decision affirming the suspension became final thereby precluding further review.

Respondents admit that the Merit System Council's rules permit rehearing but argue that filing for rehearing is "optional" in that neither § 12–902(B) nor Rule R–13–5–10(V) required the filing of a motion for rehearing before seeking judicial review. They rely primarily upon *Foremost Life Insurance Co. v. Trimble,* 119 Ariz. 222, 580 P.2d 360 (1978). However, *Foremost* involved interpretation of a special statute which authorized judicial review separate and apart from A.R.S. § 12–901 *et seq.* That statute specifically permitted the ag-

---

**4.** W. Basis For Rehearing Or Review: A rehearing or review of the decision may be granted for any of the following causes materially affecting the moving party's rights:

1. Irregularity in the administrative proceedings of the Council or its hearing officer or the prevailing party, or any order or abuse of discretion, whereby the moving party was deprived of a fair hearing;

2. Misconduct of the Council or its hearing officer or the prevailing party;

3. Accident or surprise which could not have been prevented by ordinary prudence;

4. Newly discovered material evidence which could not with reasonable diligence have been discovered and produced at the original hearing;

5. Excessive or insufficient penalties;

6. Error in the admission or rejection of evidence or other errors of law occurring at the administrative hearing;

7. That the decision is not justified by the evidence or is contrary to law.

**5.** A motion to dismiss based upon lack of jurisdiction was filed in the superior court but Judge Dann denied the motion by order dated May 28, 1982, stayed the complaint for 90 days and permitted respondent Dotson to file a rehearing before the Council. Petitioner filed a motion for reconsideration with Judge Dann on June 10, 1982, and it was denied on June 28, 1982. On the same day that the motion for reconsideration was filed, respondent Dotson filed his motion for rehearing before the Council. Rehearing was denied after oral argument on July 14, 1982. On July 23, 1982, this special action was filed arguing that Judge Dann exceeded his jurisdiction in issuing his orders of May 28, 1982, and June 28, 1982.

grieved party to either immediately seek judicial review after the agency's decision or to file a motion for rehearing and then seek judicial review. Such is not the case here. Our facts are like those in *Herzberg.* *See* Vol. 3, *Arizona Appellate Handbook,* §§ 32.3.4.1 and 32.3.6 (1980). Further, although Rule R–13–5–10(V) uses the verb "may", it appears to be the intent of the Council that an aggrieved party can file for rehearing if he desires further review. We read the rule as "optional" only in the sense that a party may decide not to attempt further review. If the party desires further review then he must file a motion for rehearing.

 Respondents strongly urge that we should not grant petitioners special action relief because of laches. We disagree. By the failure of Dotson to file a timely motion for rehearing, the Council's decision became final. Thus, no jurisdiction remained for further administrative review in the superior court. The jurisdiction of a court to hear a matter before it is an appropriate issue for special action relief. Rule 3, Rules of Procedure for Special Actions, 17A A.R.S. Further, Judge Dann denied the motion for reconsideration on June 28, 1982, and the special action was filed within the normal appeal time on July 23, 1982. Absent certain circumstances, this is timely.

Further, the question of a court's jurisdiction to decide a matter can be raised at any time. Finally, neither laches nor estoppel can be asserted to gain or defeat rights against the state. *Maricopa County v. Cities and Towns of Avondale,* 12 Ariz.App. 109, 113, 467 P.2d 949, 953 (1970). The only exception, which is not applicable here, is discussed in *Freightways, Inc. v. Arizona Corporation Commission,* 129 Ariz. 245, 630 P.2d 541 (1981).

Our order of August 4, 1982, requiring respondent judge to dismiss the administrative appeal in Maricopa County Superior Court No. C–458020 is ratified. The trial court orders denying petitioners' motions to dismiss are reversed, and, if the trial court has not already complied with our August 4th order, then the administrative appeal is dismissed for lack of subject matter jurisdiction.

HAIRE, P.J., Department D, and CORCORAN, J., concur.