912 P.2d 1368

**Baruch D. ROSEN, M.D., Plaintiff/Appellant,**

v.

**BOARD OF MEDICAL EXAMINERS OF the STATE of Arizona, an agency of the State of Arizona, Defendant/Appellee.**

No. 1 CA–CV 94–0337.

Court of Appeals of Arizona, Division 1, Department D.

Nov. 9, 1995.

Review Granted on Issue 2 and Denied on Other Issues March 19, 1996.

Law Offices of William M. Piatt, P.C. by William M. Piatt, Phoenix, for Plaintiff/Appellant.

Grant Woods, Attorney General by Nancy J. Beck, Assistant Attorney General, Phoenix, for Defendant/Appellee.

OPINION

LANKFORD, Judge.

This appeal from the superior court's review of an administrative decision poses two questions. The principal question is whether a motion for new trial extends the time to appeal from the superior court's decision. Also at issue is whether the superior court properly denied a motion for relief from judgment.

The Board of Medical Examiners suspended the license of Baruch D. Rosen, M.D. When Rosen sought judicial review of this decision, the superior court dismissed the action for failure to exhaust his administrative remedies, specifically a motion for rehearing by the Board.

Rosen challenged the dismissal order by filing a motion for new trial or for relief from judgment. After the court denied this motion, Rosen appealed to this Court from both the dismissal order and the order denying the motion.

Because Rosen's motion did not extend the time for appeal, we hold that we lack juris-

diction over the appeal from the dismissal. Although we have jurisdiction over the appeal from the denial of the motion for relief from judgment, we affirm this order on the merits.[1]

Before discussing these issues, we canvass the facts. In September 1993, the Board of Medical Examiners learned that Rosen had written Schedule II controlled substance prescriptions for patient "E.K." without the requisite federal registration certificate. The Board initiated an investigation. In October 1993, the Board received a complaint against Rosen regarding the death of another patient, "L.W." The Board began investigating that matter and ordered a pharmacy survey and an office practice survey of Rosen's office.

In January 1994, Rosen and his counsel appeared before the Board at a public meeting regarding the two matters. The Board issued an order placing Rosen on probation and suspending his license for one year.

Rosen did not request a rehearing by the Board. Instead, he filed a complaint in superior court seeking judicial review of the Board's order. The superior court dismissed the complaint with prejudice, finding that it lacked subject matter jurisdiction because Rosen had failed to exhaust his administrative remedies by requesting a rehearing by the Board as required by Arizona Administrative Code ("A.A.C.") R4–16–106.

On April 4, 1994, Rosen filed a request for rehearing or review with the Board regarding its order. The Board deemed the request untimely[2] and denied it.

The superior court dismissed Rosen's case with prejudice. Rosen then filed a motion for new trial or for relief from judgment. The court denied this motion, and this appeal followed.

### I.

The threshold question is whether this Court lacks jurisdiction over this appeal because it was untimely filed. We hold that we have jurisdiction to review the superior court order denying Rosen's post-judgment motion, but we lack jurisdiction to review the underlying dismissal order.

Rosen's motion for new trial from the dismissal order did not extend his time to appeal. The timely filing of a motion for new trial generally extends a party's time to appeal from the underlying judgment until the trial court enters a signed order denying the motion. Ariz.R.Civ.App.P. 9(b)(4).[3] Under the rules governing administrative actions,

---

1. The Board previously had revoked Rosen's Arizona medical license on the basis of unrelated complaints. On Rosen's appeal of that decision to the superior court, the court stayed the revocation order pending its disposition of the case "with the proviso that Dr. Rosen limit his practice to traditional family medicine." Thereafter, the superior court affirmed the Board's decision and Rosen appealed to this court. *See Rosen v. Board of Medical Examiners*, 1 CA–CV 94–0020. The superior court continued the stay of the revocation order while that appeal was pending. We address the issues raised in that appeal in a separate memorandum decision filed contemporaneously with this opinion.

2. A.A.C. R4–16–106(A) provides that a party aggrieved by a decision of the Board "may file with the Board, not later than ten days after service of the decision, a written motion for rehearing or review...." Rosen was served with the order on January 27, 1994. He did not file a request for rehearing with the Board until April 4, 1994—fifty-five days after he was served with the

Board's decision and fourteen days after the superior court had dismissed his case. We note that in *Dioguardi v. Superior Court*, 909 P.2d 481 (App.1995), we held that the ten-day time limit was an invalid departure from the requirement of A.R.S. Section 41–1062(B) to draw a rehearing or review rule as closely as practicable from Rule 59, Ariz.R.Civ.P. *Dioguardi* adopted the fifteen-day limit of Rule 59 in the absence of a valid agency rule.

3. Ariz.R.Civ.App.P. 9(b)(4) provides in pertinent part:

    **Extension of Appeal Time.** When any of the following motions are timely filed by any party, the time for appeal for all parties is extended, and the times set forth in Rule 9(a) shall be computed from the entry of any of the following orders:

    .    .    .    .    .

    (4) Denying a motion for new trial pursuant to Ariz.Rules Civ.Proc. 59(a).

however, Rosen was not entitled to file a motion for new trial; therefore, he could not extend his time to appeal by doing so.

Rule 14 of the Rules of Procedure for Judicial Review of Administrative Decisions ("R.P.J.R.A.D.")[4] precluded Rosen from filing a motion for new trial. It provides that a motion for new trial pursuant to Rule 59, Arizona Rules of Civil Procedure, may only be filed "[w]here the court accepts new evidence on appeal or conducts a trial de novo as provided in Rule 10 or 11 of these rules." Merely requesting a trial de novo or requesting that new evidence be accepted is insufficient. As Rule 14 indicates, the trial court must actually hold a trial de novo or accept new evidence. Here the trial court did neither. Indeed, the court never reached the substantive issues raised by Rosen; rather, it dismissed the action for lack of subject matter jurisdiction. Thus, a new trial motion was not available and the unauthorized filing of such a motion did not extend the time to appeal from the underlying judgment. *See* Julie C. Tolleson, *New Trial Motions in Garden–Variety Administrative Appeals: Good Riddance*, Ariz. Att'y, Jan. 1994, at 16. *But see* 3 *Arizona Appellate Handbook* § 32.3.7, at 1994–32–4 (Supp.1994) (Rule 14 is unclear but it does not intend to limit new trial motions.).

■ Because the notice of appeal was filed after the time to appeal from the judgment

had expired, we lack jurisdiction to review the judgment. "Appellate courts do not have jurisdiction to consider appeals which are not timely filed." *Butler Products Co. v. Roush*, 145 Ariz. 32, 32, 699 P.2d 906, 906 (App.1984).

■ While we lack jurisdiction to review the underlying judgment, we do have jurisdiction to review the order denying Rosen's motion for relief from judgment pursuant to Rule 60(c), Ariz.R.Civ.P.[5] Rule 14, R.P.J.R.A.D., does not preclude the filing of a Rule 60(c) motion.[6] As a result, Rosen was entitled to file a Rule 60(c) motion for relief, the trial court properly considered that motion, and Rosen was entitled to appeal from the denial of that motion under Arizona Revised Statutes Annotated ("A.R.S.") section 12–2101(C). *See M & M Auto Storage Pool v. Chemical Waste Management, Inc.*, 164 Ariz. 139, 141, 791 P.2d 665, 667 (App.1990) ("An order denying or granting a motion to set aside a judgment under Rule 60(c), Arizona Rules of Civil Procedure, is appealable as a 'special order made after final judgment.' A.R.S. § 12–2101(C)."). Rosen timely filed a notice of appeal from the order denying his Rule 60(c) motion. Accordingly, we have jurisdiction to review the superior court's denial of his Rule 60(c) motion.

Rosen's Rule 60(c) motion, however, did not extend his time to appeal from the dismissal order. *See* Ariz.R.Civ.App.P. 9(b).

---

4. The R.P.J.R.A.D.'s "govern the procedure in all appeals from administrative decisions taken to the superior court pursuant to title 12, chapter 7, article 6, A.R.S." R.P.J.R.A.D. 1(a).

5. Rosen filed a single motion designated as both a motion for new trial and a motion for relief from judgment. The superior court did not designate it as any particular type of motion. The court ruled:

> Plaintiff's Motion for New Trial or for Relief From Order and Judgment and Request for Stay of Administrative Order; and for Immediate Hearing Thereupon is denied.
>
> If construed as a motion for reconsideration pursuant to Rule 14 Judicial Review of Administrative Decisions is denied.

6. In addition to its limitation on the filing of motions for new trial, Rule 14, R.P.J.R.A.D., provides that "[i]n all other cases, any party desiring

reconsideration of a decision or order of the superior court which finally disposes of the administrative appeal, except for an order denying a motion for reconsideration, may file a motion for reconsideration pursuant to Rule IV(H) [sic], Uniform Rules of Practice." This limitation does not preclude the filing of a Rule 60(c) motion because a Rule 60(c) motion is not comparable to a motion for reconsideration, or to other motions seeking review of erroneous legal rulings. *Tippit v. Lahr*, 132 Ariz. 406, 408, 646 P.2d 291, 293 (App.1982) ("While the precise scope of Rule 60(c) relief defies neat encapsulation, it is clear that the rule, except as it applies to void judgments, is primarily intended to allow relief from judgments that, although perhaps legally faultless, are unjust because of extraordinary circumstances that cannot be remedied by legal review."). Accordingly, Rule 14 does not affect a party's right to seek Rule 60(c) relief.

Because he did not timely appeal from the dismissal, our jurisdiction is limited to review of the order denying the Rule 60(c) motion.

## II.

■ We now consider whether the trial court's order denying the Rule 60(c) motion must be reversed. Generally, we will not set aside an order under Rule 60(c) unless a clear abuse of the superior court's discretion is shown. *R.A.J. v. L.B.V.*, 169 Ariz. 92, 94, 817 P.2d 37, 39 (App.1991). However, the Rule 60(c) motion attacked the court's conclusion that it lacked jurisdiction, and we independently review the jurisdiction of the superior court as an issue of law. *Id.*

In his motion, Rosen argued that the judgment should be set aside under Rule 60(c)(6) [7] because the factual predicate on which the judgment was based—that the court lacked jurisdiction because Rosen had failed to exhaust his administrative remedies—no longer existed because Rosen had since filed for (and been denied) a rehearing.

■ The superior court properly denied Rosen's motion. Although Rosen eventually requested a rehearing with the Board, this request was untimely. The court could not exercise the power of review because Rosen had failed to *timely* exhaust his administrative remedies. Under A.R.S. section 12–902(B), judicial review of administrative decisions is limited as follows:

B. Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such decision. If under the terms of the law governing procedure before an agency an administrative decision has become final because of failure to file any document in the nature of an objection, protest, petition for hearing or application for administrative review within the time allowed by the law, the decision shall

not be subject to judicial review under the provisions of this article except for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter.

A.A.C. R4–16–106 provides that a party aggrieved by a decision of the Board "may file with the Board, not later than ten days after service of the decision, a written motion for rehearing or review" by the Board. Rosen did not request a rehearing until well after the expiration of the ten day period. Because he did not *timely* exhaust his administrative remedies, the superior court could not review the Board's decision. (*Arizona Law Enforcement Merit System v. Dann*, 133 Ariz. 429, 431–32, 652 P.2d 168, 170–71 (App. 1982). *See also Original Apartment Movers v. Waddell*, 179 Ariz. 419, 420, 880 P.2d 639, 640 (App.1994)). (Exhaustion doctrine is a matter of judicial administration, not subject matter jurisdiction.

Rosen contends that he was not bound to file a rehearing request because A.A.C. R4–16–106 states that an aggrieved party "may" file such a request. The use of the word "may" indicates an option only in the sense that a party may decide not to pursue any further review. If "the party desires further review then he must file a motion for rehearing." *Arizona Law Enforcement*, 133 Ariz. at 432–33, 652 P.2d at 171–72 (interpreting a virtually identical administrative rule). Thus, Rosen was required to file a timely request for rehearing, and his failure to do so prevented further review of the Board's decision. *Id.; see also Gilbert v. Board of Medical Examiners*, 155 Ariz. 169, 174, 745 P.2d 617, 622 (App.1987) (similarly interpreting the use of the word "may" in a statute authorizing the appeal of Board decisions to the superior court).

We hold that the superior court properly denied Rosen's Rule 60(c) motion for relief from the order dismissing his case. The superior court correctly determined that it could not decide Rosen's appeal of the Board

---

7. Rule 60(c)(6) is the "catchall" provision permitting relief from a final judgment, order or proceeding for "any other reasons justifying relief from the operation of the judgment."

decision because Rosen failed to timely exhaust his administrative remedies. Accordingly, we affirm the decision of the superior court.