NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

YOSHIIKI TRAINOR, *Petitioner/Appellee,*

*v.*

RUBY TRAINOR, *Respondent/Appellant.*

No. 1 CA-CV 14-0426 FC
FILED 4-30-2015

Appeal from the Superior Court in Maricopa County
No. FC2010-090465
The Honorable Benjamin R. Norris, Judge, Retired

**DISMISSED IN PART AND AFFIRMED IN PART**

COUNSEL

Law Offices of Linda Aaron-Lory, PC, Paradise Valley
By Linda Aaron-Lory
*Counsel for Petitioner/Appellee*

Richard G. Neuheisel, PLLC, Tempe
By Richard G. Neuheisel
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

**T H U M M A**, Judge:

**¶1**         Ruby Trainor (Mother) appeals from an order dismissing her petition to modify child support and spousal maintenance and from an order denying her motion for relief from that order. Because this court lacks jurisdiction to consider the dismissal of Mother's petition, that portion of her appeal is dismissed. Because Mother has not shown the superior court abused its discretion in denying her motion for relief, that order is affirmed.

## BACKGROUND

**¶2**         Mother's marriage to Yoshiiki Trainor (Father) was dissolved in a 2011 Consent Decree. Pursuant to the Decree, the parties shared joint custody of their three minor children, no child support was paid from one parent to the other and Father paid Mother $500 in monthly spousal maintenance.

**¶3**         In 2013, Mother filed a petition to modify the Decree's provisions regarding child support and spousal maintenance. The court set a two-hour evidentiary hearing on the petition, specifying in a minute entry the hearing would be "at the Southeast Judicial District, 222 East Javelina Avenue, Courtroom 304, Mesa, Arizona 85210." The hearing was set to start at 2:00 p.m. When Mother and her attorney had not appeared by 2:41 p.m., the court found Mother in default and dismissed her petition in a signed minute entry filed March 5, 2014.

**¶4**         Two weeks later, citing Arizona Rule of Civil Procedure 60(c) (2015),[1] Mother filed a motion for relief asking that the March 5, 2014 minute entry "be vacated and this matter be reinstated on the active calendar and referred to court administration for reassignment." The motion stated a

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. The rule in this Family Court case is Arizona Rule of Family Law Procedure 85(C)(1).

temporary legal assistant for Mother's counsel "directed . . . Mother and her counsel . . . to the wrong court." The motion stated Mother and her counsel arrived at court in Phoenix for the hearing and learned the hearing would be held in Mesa. The motion added that "[a] phone call was immediately made to" the judge's chambers in Mesa and that a judicial assistant informed Mother's counsel that "he would be granted additional time but such time would be reduced from his allotted court time." The motion included an affidavit from Mother stating that, when she and her attorney arrived at the Mesa court for the 2:00 p.m. hearing at approximately 2:40 p.m., Father and his counsel were leaving. The motion argued the failure to timely appear for the hearing under these circumstances amounted to mistake, inadvertence and excusable neglect, meaning the March 5, 2014 minute entry should be vacated.

¶5        After Father filed a response, the court denied Mother's motion for relief in an unsigned minute entry, explaining

> The Court waited a considerable amount of time for Mother and her counsel to appear, but when the amount of time remaining reached the point where Mother could not realistically present her case while still allowing Father one-half of the originally scheduled time to present his case, the Court defaulted Mother and dismissed her petition.

Recognizing the dismissal was without prejudice, the court noted Mother could refile the petition. The court also awarded Father a portion of his requested attorneys' fees incurred in a signed judgment.[2]

¶6        On June 4, 2014, the court entered a signed version of the minute entry denying Mother's motion for relief. Later on June 4, 2014, Mother filed a notice of appeal purporting to appeal from (1) the March 5, 2014 signed minute entry dismissing her petition and (2) the June 4, 2014 signed order denying her motion for relief. The record does not suggest that Mother ever refiled her petition.

---

[2] Although Mother timely appealed from the judgment awarding Father attorneys' fees, by not challenging that award in her briefs, she has waived any challenge to that award. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33, 250 P.3d 1213, 1220 (App. 2011).

## DISCUSSION

### I. This Court Lacks Appellate Jurisdiction Over Mother's Purported Appeal From The March 5, 2014 Minute Entry.

**¶7** This court must independently determine whether it has jurisdiction over an appeal. *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991). The superior court dismissed Mother's petition without prejudice, meaning the March 5, 2014 minute entry is not a final appealable order. *See L.B. Nelson Corp. of Tucson v. W. Am. Fin. Corp.*, 150 Ariz. 211, 217, 722 P.2d 379, 385 (App. 1986). Moreover, even if that March 5, 2014 minute entry had been appealable, this court would lack appellate jurisdiction because Mother failed to file a timely notice of appeal from that ruling. *See* Ariz. R. Civ. App. P. 9(a). And Mother's motion for relief did not extend the time to appeal from the March 5, 2014 minute entry. *See Rosen v. Bd. of Med. Exam'rs*, 185 Ariz. 139, 142, 912 P.2d 1368, 1371 (App. 1995), *abrogated on other grounds by Sw. Paint & Varnish Co. v. Ariz. Dep't of Envtl. Quality*, 194 Ariz. 22, 976 P.2d 872 (1999). Because this court lacks appellate jurisdiction over Mother's purported appeal from the March 5, 2014 minute entry, the portion of her appeal purporting to challenge that ruling is dismissed.

### II. The Superior Court Did Not Abuse Its Discretion In Denying Mother's Motion For Relief.

**¶8** Mother argues a "confluence of circumstances" mandates a finding of mistake, inadvertence and excusable neglect, meaning the superior court abused its discretion in denying her motion for relief. The superior court is vested with broad discretion in addressing such a motion. *Panzino v. City of Phoenix*, 196 Ariz. 442, 448 ¶ 19, 999 P.2d 198, 204 (2000); *accord* Ariz. R. Fam. L.P. 76(D), 85(C). This court reviews the denial of Mother's motion for relief for an abuse of discretion. *See PNC Bank v. Cabinetry By Karman, Inc.*, 230 Ariz. 363, 364 ¶ 6, 284 P.3d 874, 875 (App. 2012).

**¶9** In addressing Mother's motion for relief, the superior court had the discretion to relieve her from mistake, inadvertence, surprise or excusable neglect. *See* Ariz. R. Fam. L.P. 85(C)(1). Neglect may be excusable if "the neglect or inadvertence is such as might be the act of a reasonably prudent person under similar circumstances." *Daou v. Harris*, 139 Ariz. 353, 359, 678 P.2d 934, 940 (1984) (citation omitted). As applied, the superior court apparently determined that "a reasonably prudent" person would have timely appeared for the hearing at the location set forth in the court's

minute entry, despite having been told inaccurate information about the hearing's location. Stated differently, the court apparently found the inaccurate information did not provide good cause to justify the absence of Mother and her counsel from attending the hearing. The record supports this apparent conclusion by the court.

**¶10**  As acknowledged by Mother's counsel, his office delivered trial exhibits to the court in Mesa about a week before the hearing. Mother's counsel also included the court's Mesa chambers in the mailing certificate for filings and apparently personally appeared at an earlier proceeding in this case in the court in Mesa. It is clear that Mother's counsel had written notice that the evidentiary hearing would be held at the Mesa court location. In assessing these facts, the superior court apparently concluded that the error was a result of carelessness, not excusable neglect, a conclusion that the record supports. *See Beyerle Sand & Gravel, Inc. v. Martinez*, 118 Ariz. 60, 62, 574 P.2d 853, 855 (App. 1977) ("Carelessness is not synonymous with 'excusable neglect.'") (citation omitted).

**¶11**  Mother cites appellate decisions concluding a superior court did not abuse its discretion in finding that errors by an attorney or the attorney's staff can constitute excusable neglect. Those cases do not mandate that a court find such errors constitute excusable neglect but, rather, stand for the proposition that the court has the discretion to make such a finding. As applied, the superior court here appears to have had the discretion to grant Mother's motion for relief. The superior court, however, did not do so. On appeal, Mother has not shown that the superior court abused its discretion in denying her motion for relief.

5

**CONCLUSION**

**¶12**         The portion of Mother's appeal purporting to challenge the March 5, 2014 minute entry dismissing her petition is dismissed for lack of jurisdiction. As to the remainder of Mother's appeal, the superior court's June 4, 2014 minute entry denying Mother's motion for relief is affirmed. Because this court lacks information regarding the parties' respective financial resources, the court denies Father's request under A.R.S. § 25-324 for an award of attorneys' fees incurred on appeal. Father is, however, awarded his taxable costs on appeal contingent upon his compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama